# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

**Brittany N. Clark, et al.,**

    *Plaintiffs,*

**v.**                                                                                      Case No. 3:17-cv-074
                                                                                       Judge Thomas M. Rose

**Cherryhill Management, Inc., et al.,**

    *Defendants.*

---

**ENTRY AND ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, ECF 22, AND GRANTING PLAINTIFFS' CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT, ECF 23.**

---

Pending before the Court is a Motion for Summary Judgment filed by Defendants Cherryhill Management, Inc., Judith V. Negrete, and Michael J. Walsh. (ECF 22), and a Cross Motion for Partial Summary Judgment filed by Plaintiffs Brittany N. Clark and Robert Sammons. ECF 23. Each party seeks summary judgment as to liability. Plaintiffs' motion would leave the question of the amount of damages open. The parties are largely in agreement as to the facts. Because Defendants failed to inquire as to whether Plaintiffs needed continued leave under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.*, after Plaintiffs informed them of their need for it, Defendants' motion will be denied and Plaintiff's motion will be granted.

**I.     Background**

Defendant Cherryhill Management Inc. operates the Valley Thrift Store in Kettering, Ohio. Plaintiffs Brittany Clark and Robert Sammons are former employees of Defendant Cherryhill who were fired under similar circumstances. Both were approved for intermittent FMLA leave. Answer ¶13-14, ¶22 (Doc. 13, PageID165-67); Negrete Depo., at 124. Cherryhill terminated Sammons and Clark for the same reason: two subsequent "no-call, no-shows." Deposition of J. Negrete, at 63, 98. Each of Plaintiffs' "no-call, no-shows" occurred on the two days immediately after they had taken FMLA leave. Sammons UCRC Trans., at 8-9 (Doc. 6-2, PageID 66); Clark UCRC Trans, at 11 (Doc. 6-1, PageID 39). Both Plaintiffs were absent from work due to a serious medical condition. Sammons UCRC Trans., at 12 (Doc. 6-2, PageID 70); Clark UCRC Trans, at 22-24 (Doc. 6-1, PageID 52-54). In neither case did Cherryhill request medical certification for the absence. Answer ¶18, 28 (Doc. 13, PageID166, 168); Negrete Depo. 78-79. Nor did Cherryhill advise Clark and Sammons of the consequences of a failure to provide adequate medical certification. Id.

Sammons was employed by Cherryhill as a delivery driver for nearly ten years: November 13, 2006 to October 1, 2016. Sammons UCRC Trans., at 7 (Doc. 6-2, PageID 65) Defendants Judith V. Negrete and Michael J. Walsh were Cherryhill store managers and supervisors. Id. at 6, (Doc. 6-2, PageID 64-66). Negrete and Walsh had immediate control over Sammons' employment. Answer ¶20-21 (Doc. 13; PageID 167). Defendants had the authority to accept or reject Sammons's employment; train him; supervise him; discipline him; maintain employment records on him; set his work hours; and direct and control his work assignments. Answer ¶13-14, ¶22 (Doc. 13, PageID165-67); Negrete Depo., at 124.

On August 16, 2016, Sammons was diagnosed with a serious health condition, PageID 544-45, and Cherryhill approved him for intermittent FMLA leave. Negrete Depo. at 117-18. Sammons's FMLA paperwork was current and Cherryhill had previously accepted his FMLA paperwork certifying his need for FMLA leave. Id.

On September 28, 2016, Sammons left work after notifying Cherryhill that he was suffering symptoms of his serious health condition. Negrete Depo., at 104, 106; Sammons Depo. at 81 (Doc. 22-4; PageID 331). Sammons, for his part, told Cherryhill expressly: "I'm having a panic, anxiety attack, and I got to take my FMLA and I'm going to try to go see a doctor." Sammons depo., at 81:10-18. He did not return to work the next two days. Id.

Cherryhill's employee handbook includes the following attendance policy:

> Two Day No Call, No Show. Any Employee who misses two (2) scheduled work days in a row without calling in one (1) hour prior to absence shall be terminated. When calling in, the employee must speak with a supervisor or store manager when calling off of work.

Id., at 2. Plaintiffs admit receiving a copy of Cherryhill's employee handbook. Clark depo., at 38:1-16; Sammons depo., at 123:14-17; Negrete Affidavit, at Exhibit B.3 and B.6.

Sammons did not have a fixed delivery route, but had a fixed schedule of Monday-Friday. Negrete Depo. at 105. Cherryhill terminated Sammons's employment for consecutive "no-call, no-show" days after Sammons did not report for work on September 29 and 30, 2016. Sammons UCRC Trans., at 8 (Doc. 6-2, PageID 66). Sammons had received a doctor's note excusing him from work on September 29 and 30, 2016, the two "no-call, no-show" days. Id. at 12 (Doc. 6-2, PageID 70). On September 30, 2016, Cherryhill advised Sammons of its decision to terminate his employment, despite having previously approved Sammons for intermittent

3

FMLA leave. Id. at 8 (Doc. 6-2, PageID 66). Cherryhill never gave Sammons written notice of a need for additional medical certification. Answer ¶18, 28 (Doc. 13, PageID 166, 168) Cherryhill never provided Sammons with written notice of the consequences for failing to timely provide sufficient medical certification. Id.

Clark also suffered from a serious health condition. Clark UCRC Trans, at 22-23 (Doc. 6-1, PageID 50-51). She requested FMLA leave from June 13, 2016 through June 27, 2016 and Cherryhill accepted FMLA leave forms and documentation from her physician. Id. at 11 (Doc. 6-1, PageID 39). Cherryhill accepted Clark's FMLA leave forms documenting her need to take intermittent FMLA leave beyond June 27, 2016. Id. at 14 (Doc. 6-1, PageID 42). The intermittent leave forms were completed by Clark's physician. Id. at 10-11, 14 (Doc. 6-1, PageID 38-39, 42). Clark was on approved FMLA leave from June 13, 2016 through June 27, 2016. Clark UCRC Trans, at 11, 20 (Doc. 6-1, PageID 39, 48). Clark did not report on June 28-29, 2016. Cherryhill terminated Clark's employment on June 30, 2016 for consecutive "no-call, no-show" days. Id. at 11, 20 (Doc. 6-1, PageID 37).

Clark did not have a fixed employee schedule. Negrete Depo. at 79-80. Employee schedules were posted in the store on Saturdays for the upcoming week. Clark UCRC Trans, at 9 (Doc. 6-1, PageID 37). Cherryhill never called or informed Clark that she was scheduled to work on June 28 or 29, 2016. Clark UCRC Trans, at 15 (Doc. 6-1, PageID 43). Cherryhill never gave Clark written notice of a need for additional medical certification. Id. at 16 (Doc. 6-1, PageID 44). Cherryhill never provided Clark with a fifteen-day period of time before terminating her employment to produce additional medical certification.). Id.; Walsh Depo., at

4

53-55; Answer ¶18 (Doc. 13; PageID 166). Cherryhill never provided Clark with written notice of the consequences for failing to timely provide sufficient medical certification. Id.

On March 3, 2017, Plaintiffs filed a complaint alleging Cherryhill violated the FMLA by not providing Clark or Sammons with written notice that, if they were still taking FMLA, they needed further documentation. Plaintiffs assert claims for FMLA retaliation and interference. On April 26, 2017, Defendants filed a Motion to Dismiss Case as Frivolous. ECF 6. The Court denied the motion and sanctioned Defendants for seeking sanctions. ECF 11. The Court noted "if what Plaintiffs allege is true, Defendants had an obligation to make an inquiry prior to terminating Plaintiffs [and . . .] Plaintiffs' terminations plainly violate the FMLA. . ." (ECF 11; PageID 152).

On July 16, 2018, Defendants filed a motion for summary judgment. ECF 22. This was met with a Response and Cross-Motion for Partial Summary Judgment, ECF 23, by Plaintiffs, who seek summary judgment only as to liability.

## II. Standard

A moving party is entitled to summary judgment if the pleadings, the discovery and the disclosure materials on file, and any affidavits "show [ ] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue for trial where the record "taken as a whole could not lead a rational trier of fact to find for the non–moving party." *Matsushita Elec. Indus., Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A court must ultimately decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one–sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

251–52 (1986). In doing so, the evidence is construed and all reasonable inferences are drawn in favor of the nonmoving party. *Hawkins v. Anheuser–Busch, Inc*., 517 F.3d 321, 332 (6th Cir. 2008).

**III.     Analysis**

Plaintiffs Brittany N. Clark and Robert Sammons have asserted two claims against Defendants Cherryhill Management, Inc., Judith V. Negrete, and Michael J. Walsh: one for interference with and violation of rights under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.*, and another for unlawful retaliation for exercising rights protected by the FMLA. Plaintiffs claim Defendants did not follow the statutory and regulatory procedures in 29 U.S.C. § 2613 and 29 C.F.R. § 825.305 and 825.311 and retaliated for trying to exercise their right to leave under the FMLA.

The FMLA creates an entitlement "to a total of 12 work weeks of leave during any 12-month period ... [b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). Under certain conditions, the employee may take the 12-week allotment of FMLA leave intermittently or by working a reduced schedule. 29 U.S.C. § 2612(b).

The FMLA makes it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise any right that [the FMLA] affords." 29 U.S.C. § 2615(a)(1). FMLA interference is proven by showing that the employer interfered with or denied FMLA benefits to which the employee was entitled. "This inquiry is an objective one divorced from the employer's motives, with the central question being simply whether the employee was entitled to the FMLA benefits at issue." *Edgar v. JAC Prods., Inc*., 443 F.3d 501, 511 (6th Cir. 2006).

6

A plaintiff must show: (1) the employee was an eligible employee; (2) the defendant was an employer as defined under the FMLA; (3) the employee was entitled to leave under the FMLA; (4) the employee gave the employer notice of her intention to take leave; (5) the employer denied the employee FMLA benefits to which she was entitled; and (6) the employer's violation caused them harm. *Reeder v. Cty. of Wayne*, 694 F. App'x 1001, 1006 (6th Cir. 2017); *Wallace v. FedEx Corp.*, 764 F.3d 571, 585 (6th Cir. 2014)(adding that employees seeking relief under the interference theory must also establish that the employer's violation caused them harm). If the above is proven, the employer will only be able to escape liability if it can show it had a "legitimate reason unrelated to the exercise of FMLA rights for engaging in the challenged conduct." *Wallace v. FedEx Corp.*, 764 F.3d 571, 585 (6th Cir. 2014).

While the employee has a right to take leave under the FMLA, the employee must give his employer notice of his intention to take leave in order to be entitled to it. See 29 U.S.C. § 2612(e)(1)-(2); *Srouder v. Dana Light Axle Mfg., LLC*, 725 F.3d 608, 614 (6th Cir. 2013). The employee must provide "at least verbal notice sufficient to make the employer aware that the employee needs FMLA-qualifying leave, and the anticipated timing and duration of the leave." 29 C.F.R. § 825.302(c).

Defendant asserts that Plaintiffs could have informed Defendant of their ongoing need for FMLA leave as required by the Cherryhill employee handbook. While this is true–as Defendants point out, Plaintiffs could have telephoned their employer from their doctor's office, ECF 22, PageID 194–Defendant has not established that it "request[ed] (in writing) that [the] employee[s] provide medical certification that [they were] suffering from a serious medical condition." *Walton v. Ford Motor Co.*, 424 F.3d 481, 488 (6th Cir. 2005).

7

*Walton* is nearly the exact situation as this case, and as such, merits extended review:

> "[T]o invoke the protection of the FMLA, an employee must provide notice and a qualifying reason for requesting the leave." *Brohm v. JH Props., Inc*., 149 F.3d 517, 523 (6th Cir. 1998) (citing *Manuel v. Westlake Polymers Corp.*, 66 F.3d 758, 762 (5th Cir. 1995)). Under the regulations in place at the time of these events, this notice must have been given "as soon as practicable under the facts and circumstances of the particular case." 29 C.F.R. § 825.303(a). Moreover, "[t]he employee need not expressly assert rights under the FMLA or even mention the FMLA, but may only state that leave is needed. The *employer* will be expected to obtain any additional required information through informal means." § 825.303(b) (emphasis added). The employee's burden is not heavy. "'[A]n employee gives his employer sufficient notice that he is requesting leave for an FMLA-qualifying condition when he gives the employer enough information for the employer to reasonably conclude that an event described in the FMLA § [2612(a)(1)] has occurred.'" *Cavin*, 346 F.3d at 723–24 (quoting *Hammon v. DHL Airways, Inc*., 165 F.3d 441, 451 (6th Cir. 1999)) (alterations in original). In addition, part of reasonable notice generally includes an indication of "the anticipated timing and duration of the leave." 29 C.F.R. § 825.302(c). After all, even though a qualifying employee is permitted up to twelve weeks of leave in a calendar year under the statute, many injuries and illnesses will not require the full allotment of time off. See 29 U.S.C. § 2612(a)(1).
>
> In its cross-appeal, FedEx argues that "Wallace failed to present any evidence showing that she provided FedEx notice of an intention to take FMLA leave beyond the non-FMLA leave she received for August 15th through 29th." Second Br. at 38; see also Fourth Br. at 13. Specifically, FedEx focuses upon Wallace's failure to return the medical-certification form or to indicate that she desired leave beyond August 29.
>
> By focusing on whether Wallace provided enough documentation for continued leave, FedEx largely misses the point of this notice element. The relevant question is whether Wallace provided FedEx with notice that she needed FMLA leave, not whether she provided notice that she needed a certain amount of FMLA leave. See *Cavin*, 346 F.3d at 725 (finding a plaintiff's notice to the defendant "sufficient to apprise [the defendant] of his request to take time off for a serious health condition" (internal quotation

marks omitted)).  Based on the record in this case, the jury found in favor of Wallace—a reasonable decision. R. 56 at 1 (Jury Verdict) (Page ID # 836).  Wallace provided Phillips with a note from Dr. Kasser, indicating that Wallace had a serious medical condition that required her to take leave from work. See Ex. App'x at 3; R. 54 at 180:10–182:20 (Mar. 30 Trial Tr.) (Page ID # 2189–91). Moreover, Phillips understood that Wallace needed FMLA leave as evidenced by the fact that he discussed the FMLA with in-house counsel and then provided Wallace with FMLA paperwork. See id. at 185:12–186:19 (Page ID # 2194–95); R. 53 at 140:19–141:24 (Mar. 29 Trial Tr.) (Page ID # 1597–98).  Given these two pieces of evidence, a reasonable juror could conclude that Wallace had provided FedEx with sufficient notice.

\* \* \* \* \* \* \* \* \*

FedEx also argues that no reasonable jury could find that FedEx's termination of Wallace's employment was an interference with her rights under the FMLA because Wallace's failure to return the medical-certification form meant that she was not eligible for leave under the statute.  This broad argument triggers a number of questions: (a) whether FedEx provided Wallace with sufficient notice regarding the consequences of failing to return a medical-certification form; (b) if not, whether 29 C.F.R. § 825.305—which sets forth the standard for sufficient notice—is arbitrary and capricious; and (c) if not, whether FedEx nonetheless had a legitimate reason, independent of FMLA-related leave, to terminate Wallace's employment.  Ultimately, the answers to each of these questions favor Wallace, and thus, we AFFIRM the magistrate judge's denial of FedEx's request for judgment as a matter of law on these points.

FedEx's Noncompliance with 29 C.F.R. § 825.305

Under the Department of Labor's regulations, an employer has the option of requesting (in writing) that an employee provide medical certification that she is suffering from a serious medical condition. 29 C.F.R. § 825.305(a).  In cases like this one, where the need for a leave of absence is unforeseeable, an employer must give an employee at least fifteen days to return a medical-certification form. §§ 825.305(b); 825.311(b).  "If an employee fails to provide a medical certification within a reasonable time under the pertinent circumstances, the employer may delay the employee's continuation of FMLA leave.  If the employee never produces the

> certification, the leave is not FMLA leave." § 825.311(b).
> However, in order to impose these sanctions, "[a]t the time the
> employer requests certification, the employer must also advise an
> employee of the anticipated consequences of an employee's failure
> to provide adequate certification." § 825.305(d).

*Walton*, 424 F.3d at 486.

Sammons, for his part, told Cherryhill expressly: "I'm having a panic, anxiety attack, and I got to take my FMLA and I'm going to try to go see a doctor." Sammons depo., at 81:10-18. Cherryhill asserts that while Sammons "arguably" gave notice that he wanted leave to see a doctor on September 28, 2016, the Cherryhill employee manual places a higher duty to notify on the employee than the FMLA, and somehow Cherryhill was no longer aware of his situation the next two days, September 29 and 30, 2016. Sammons depo., at 87.

Cherryhill accepted Clark's FMLA leave forms documenting her need to take intermittent FMLA leave beyond June 27, 2016. (Doc. 6-1, PageID 42). In spite of this, Cherryhill scheduled Clark to work on June 28-29, 2016, shifts for which Clark did not show and of which Clark was unaware.

While the FMLA "does not require an employer to be clairvoyant." *Brenneman v. MedCentral Health Sys.,* 366 F.3d 412, 428 (6th Cir. 2004), once an employee gives notice that they are taking FMLA leave, the burden shifts to the employer to inquire of the employee whether they are still taking FMLA leave. Here, "Plaintiffs inform[ed] the company about their continued need for FMLA leave." Order denying motion to dismiss, Doc. No. 11, at 10; Page ID#154. The boundaries of the FMLA are not determined by Cherryhill's Employee Manual, but by the FMLA, the regulations implementing it, and case law. "The critical question is whether the information imparted to the employer is sufficient to reasonably apprise it of the

employee's request to take time off for a serious health condition." *Wallace v. FedEx Corp.*, 764 F.3d 571, 586-88 (6th Cir. 2014). The Sixth Circuit recently reaffirmed *Wallace's* holding. *Casagrande v. OhioHealth Corp.*, 666 Fed. App'x 491, 498 (2016) ("OhioHealth had the duty to make a correct FMLA-eligibility determination and notify Casagrande of his eligibility, of the requirements that flowed therefrom, and of the consequences of failing to adhere to them").

Plaintiffs each informed Defendants of their need for intermittent FMLA leave. Plaintiffs both informed Defendants of their need for a period of FMLA leave. When that period expired Defendants made no inquiry, choosing instead to summarily terminate them instead. For whatever reason, the FMLA seems to envision a world where an employer cares enough to inquire as to the health of an employee who has given notice of a serious health condition. Maybe it foresaw the possibility that an employee out on FMLA leave may have suffered a set-back, leaving the employee in a condition unable to return to work, and challenged to even inform the employer of this situation. Whatever the reasoning, the regulations and case law are clear: if what Plaintiffs allege is true, Defendants had an obligation to make an inquiry prior to terminating Plaintiffs. Per the Sixth Circuit's ruling in *Wallace*, Plaintiffs' terminations plainly violate the FMLA and the applicable regulation upon which *Wallace* is based, 29 C.F.R. § 825.305.

Plaintiffs are entitled to summary judgment as to liability. See *West v. Pella Corp.*, No. 5:16-CV-154-TBR, 2017 U.S. Dist. LEXIS 173753, *27 (W.D. Ky. Oct. 20, 2017)(holding that, when the termination is for absences that were otherwise covered by the FMLA, the employer fails to articulate a legitimate, nondiscriminatory reason at the summary judgment stage); and *Ashby v. Amscan, Inc.*, No. 3:15- CV-00643-GNS, 2017 U.S. Dist. LEXIS 33576, at *22 (W.D.

Ky. Mar. 8, 2017)(holding that there is no unrelated reason for termination when the employee's failure to return to work upon exhaustion of her FMLA relates directly to the employer's failure to give notice). When the employer fails to articulate a legitimate, unrelated reason, there is no need for an employee to prove pretext under a burden-shifting analysis. If the employee has proven a prima facie case, and the employer fails to meet its burden, summary judgment for the plaintiff is warranted. See *Gostola v. Charter Communs., LLC*, 72 F. Supp. 3d 796 (E.D.Mich.2014). Defendants' position that the Cherryhill employee manual supersedes the framework established by the FMLA is not a legitimate reason for Cherryhill's actions.

## IV. Plaintiffs' FMLA Retaliation Claims

Because the Court is granting Plaintiffs' Motion for Summary Judgment on Plaintiffs' interference claims, it need not reach the question of retaliation. Interference and retaliation are two theories of recovery under the FMLA. The recovery is the same, regardless of which theory (or both) are proven. *Gostola v. Charter Communs., LLC*, 72 F. Supp. 3d 796, 805 (E.D.Mich.2014). Because Plaintiffs' interference claims have prevailed, Defendants' motion is moot with regard to the retaliation claim.

## V. Conclusion

Because Defendants failed to inquire as to whether Plaintiffs needed continued leave under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.*, after Plaintiffs informed them of their need for it, Defendants' Motion for Summary Judgment, (ECF 22), is **DENIED**. Plaintiffs' Cross Motion for Partial Summary Judgment as to Liability, ECF 23, is **GRANTED**. The case remains set for trial as to the question of damages.

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, May 16, 2019.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE